# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CASE NO. 8:09-CR-409-T-30TGW

FAUSTO NEWBALL-ARCHHBOLD,

    Defendant.
_____/

## **ORDER**

This Cause is before the Court upon Defendant's *pro se* Motion to Dismiss for Lack of Subject Matter Jurisdiction in the Admiralty. (Dkt. 41). Because the motion challenges the validity of the judgment and sentence in Defendant's criminal case, the proper motion is a motion to vacate, pursuant to 28 U.S.C. § 2255.[1]

*Castro v. United States*, 540 U.S. 375 (2003), instructs that a District Court must advise a movant it intends to recharacterize a criminal post-conviction motion as a § 2255 motion and warn the movant about the consequences of recharacterizing the motion as a motion seeking relief pursuant to § 2255. The Court hereby advises Defendant of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 unless Defendant informs the Court otherwise.

---

[1] 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981).

The Court cautions Defendant that such recharacterization will render this motion subject to each of the procedural limitations imposed upon § 2255 motions. Specifically, Defendant is cautioned that after its characterization as a § 2255 motion, the motion will be subject to the one (1) year period of limitation.[2] Accordingly, Defendant should also address the motion's untimeliness, falling as it will well beyond one (1) year from May 16, 2011, the date Defendant's judgment became final.

In the § 2255 motion, Defendant must also overcome his prior waiver of appeal contained in his plea agreement with the Government, (Dkt. 22, Plea Agreement), where Defendant agreed this Court had "jurisdiction and authority to impose any sentence up to the statutory maximum" and expressly waived

> the right to appeal [D]efendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the [D]efendant's applicable guidelines range *as determined by the Court* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment of the Constitution; provided, however, that if the [G]overnment exercises its right to appeal the sentence imposed . . . then the [D]efendant is

---

[2] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The recent case of *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), would not entitle Defendant to a delayed start of the limitation period under § 2255(f)(3) as *Bellaizac-Hurtado* is a circuit court decision, and § 2255(f)(3) requires the recognition of a new right by the Supreme Court in order to delay the limitation period's start. 28 U.S.C. § 2255(f)(3). *Bellaizac-Hurtado* is also not a "fact" for the purposes of a delayed limitation period under § 2255(f)(4), which provides for beginning the limitation period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4); *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) (unpublished) (finding "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

> released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Dkt. 22, Plea Agreement, 12).

Furthermore, Defendant should also explain how the only case he cites in support of his motion, *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), applies to Defendant. Specifically, it appears from Defendant's Plea Agreement that *Bellaizac-Hurtado*, which concerns Congress's ability under the "Offences Clause" of Article I, Section 8, Clause 10 of the United States Constitution to proscribe drug-trafficking activity in the territorial waters of foreign countries, *see id.* at 1258, is factually distinguishable as Defendant admitted in the Plea Agreement's "Facts" section he was "on board a vessel subject to the jurisdiction of the United States" when he was arrested by the United States Coast Guard. (Dkt. 22, Plea Agreement, 14-16).

Finally, the Court advises Defendant that, in addition to addressing the foregoing issue, he should amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court.

Accordingly, the Court **ORDERS** that on or before **April 12, 2013**, Defendant shall advise this Court whether he seeks to do one (1) of the following:

1. Proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his Motion to Dismiss for Lack of Subject Matter Jurisdiction in the Admiralty (Dkt. 41);

2. Amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

3. Withdraw his Motion to Dismiss for Lack of Subject Matter Jurisdiction in the Admiralty (Dkt. 41).

Defendant is **CAUTIONED** that if he fails to file a timely response in compliance with this Order, which requires that he advise the Court that he wishes to do one of the above, the Clerk will be directed to open a civil case, and this Cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only those claims presented in his original motion (Dkt. 41).

The Clerk of Court is **DIRECTED** to provide Defendant with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with Defendant's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 12, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*F:\Docs\2009\09-cr-409.mtd 41.wpd*